Not for Publication

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **MICHELLE C. CANTATORE,** | Criminal No. 16-0189 (ES) <br><br> **OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

Before the Court is the Government's amended motion to turnover funds in defendant Michelle Cantatore's inmate account. (D.E. No. 52). At the time the motion was filed, the Government sought a turnover order allowing for the $3,714.61 in Defendant's inmate account to be turned over to the Clerk of Court and applied against Defendant's outstanding restitution balance. (*Id.* at 1).

After the Court set oral argument on the motion, Defendant informed the Court that her inmate account no longer contained the monies the Government sought, and that she only had approximately $200 in her account. (D.E. No. 59). The Government then modified its request, asking the Court to grant its motion for a turnover order, "but only for all monies in the Defendant's account as of [April 8, 2021] above the $200 she alleges is currently there." (D.E. No. 62). In light of these developments, the Court adjourned the oral argument and asked the Government to provide an update as to the amount of money remaining in Defendant's account. (D.E. No. 63). In response, the Government informed the Court that, as of April 9, 2021, Defendant's account balance was $235.59. (D.E. No. 64).

The Court will deny the Government's motion (as modified) because it is not persuaded that the $235.59 in Defendant's account amounts to a substantial resource under 18 U.S.C.

1

§ 3664(n). Section 3664(n) states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." Although the initial amount sought ($3,714.61) likely constituted a substantial resource, the remaining amount ($235.59), does not.

Moreover, to the extent the Court may have authority to order turnover of amounts that do not otherwise qualify under § 3664(n), *see United States v. Korbe*, No. 09-0005, 2020 WL 1929256, at *5 (W.D. Pa. Apr. 21, 2020) (holding that the Court need not rely on § 3664(n) to accelerate payments where a restitution order states that restitution is due immediately), the Court finds that the additional payment the Government requests—$35.59—is not warranted here, *see United States v. Fischer*, No. 17-0374, 2021 WL 120842, at *3 (M.D. Pa. Jan. 13, 2021) (ordering turnover of $173.61, which represented a shortage in the defendant's financial responsibility program payments, but denying the Government's motion with respect to the additional $326.39 in the defendant's account).

Accordingly, IT IS on this 19th day of April 2021,

**ORDERED** that the Government's motion to turnover funds is DENIED. The denial is without prejudice to the Government's ability to return to the Court if the Defendant acquires additional monies that might qualify as substantial resources under § 3664(n).

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**